## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**STEVEN MELTON**                                                    **PLAINTIFF**

**v.**                              **No. 3:21-cv-194-DPM**

**CITY OF FORREST CITY, ARKANSAS**
**and CEDRIC WILLIAMS, in his official**
**and individual capacities**                               **DEFENDANTS**

### PROTECTIVE ORDER

Plaintiff has requested discovery of records containing sensitive personal information.  In order to permit Plaintiff adequate access to the records necessary to completely present this case herein, and, at the same time to address privacy concerns, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.      Plaintiff has made a request for information contained in the personnel files of employees of the Forrest City Fire Department, including but not limited to, internal investigation records, disciplinary actions, and training records and other sensitive information.  The parties have agreed that due to the private and sensitive nature of these said documents, a protective order should be entered before these documents are provided to Plaintiff's counsel;

2.      Defendants are not required to provide the personnel files until this Order is entered;

**3.**     All confidential records made available pursuant to this Order shall be used only for the purpose of this litigation and may not be used for any other purpose without a new request;

**4.**     If any dispute arises about confidentiality or materials subject to this Order, the parties will address it using the Discovery Disputes procedure in the Court's Final Scheduling Order;

**5.**     No party may utilize, directly or indirectly, the confidential records made available pursuant to this Order in another administrative complaint, proceeding, or civil action without a new request;

**6.**     All confidential records made available pursuant to this Order shall be maintained by the parties' counsel, including paralegals, secretarial staff, other staff members, during the pendency of this litigation;

**7.**     Counsel should confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute.  Within thirty days after this notice, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute.  If the parties reach an impasse, they must file a joint report explaining the disagreement.  The parties will file this paper under the CM/ECF event called "Joint Report of

Discovery Dispute".   The joint report must not exceed ten pages, excluding the style and signature block.  Each side gets five pages.  The joint report must be filed sufficiently before the discovery cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed matter until the Court issues a ruling or schedules a hearing;

8.     Information designated as "Confidential" must not be filed on the public docket.  The parties must comply with FED. R. CIV. P. 5.2's mandate for redaction, if practicable, before requesting permission to make any filing under seal.  If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method.  If redaction is impracticable, a party must move for permission to file any information designated as "Confidential," and any related motion, brief, or paper, containing that material, under seal.  The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done;

9.     Both parties, all counsel and their staffs, shall not transfer the confidential information made available pursuant to this Order, or copies of this information, to third persons, and they shall not communicate, orally or in writing, any of the contents of the confidential information;

10.     This Order shall remain in effect for one year after this case ends, including any appeal.   Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts and all copies of same or shall certify the destruction thereof.   Counsel for the parties shall be permitted to retain confidential information in their files, subject to the terms of this Order;

11.     This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown;  and

12.     The parties agree that any documents or materials subject to production under the Arkansas Freedom of Information Act cannot be deemed confidential.

So Ordered.

D.P. Marshall Jr.
United States District Judge

29 November 2022

- 4 -

Approved for entry:

/s/ Sara Monaghan

Sara Monaghan, ABN No. 2005276
Attorney for Defendants
P.O. Box 38
North Little Rock, AR 72115

/s/ David R. Hogue

David R. Hogue
Attorney for Plaintiff
575B Harkrider St.
Conway, AR 72032