IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

STEVEN MELTON                                                                    PLAINTIFF

v.                                    No. 3:21-cv-194-DPM

CITY OF FORREST CITY, ARKANSAS
and CEDRIC WILLIAMS, in his official
and individual capacities                                                      DEFENDANTS

MEMORANDUM OPINION and ORDER

1. Steven Melton was a Forrest City firefighter whose speech on social media sparked controversy. In mid-June 2020, from his personal computer and while he was off duty, Melton shared this post on his public Facebook page.



Melton is an evangelical Christian. He opposes abortion. He made the post to express his anti-abortion views. George Floyd had been murdered approximately three weeks before.

The post was up for about two weeks. A former fire department captain, a black man, called Melton, explaining that he found the post offensive. He didn't see a silhouette of a baby; he saw a black child with a noose around its neck. Melton is white. He took the post down within minutes after hearing from his former supervisor. No one else connected with the fire department responded to Melton.

Mayor Cedric Williams learned of Melton's post when several people sent it to him. This occurred around the time Melton took it down. The Mayor testified that the post created a firestorm. Mayor Williams described the post as "a noose around a Black baby's neck" and found it "offensive to Black people." *Doc. 24-10 at 5-6*. He also said the social unrest surrounding George Floyd's recent death didn't help the situation. The parties agree, however, that there was no disruption of training at the fire department, or of any fire service calls, because of the post or the controversy surrounding it.

Melton was called to the Mayor's office. Mayor Williams and Fire Chief Shane Dallas met with him, and the Mayor put him on administrative leave pending further investigation. The Mayor then spoke with Fire Chief Dallas, two retired black firefighters, the city attorney, someone from human resources, and lawyers from the

municipal league. Melton was a good firefighter. His personnel record was unblemished. He had worked in the department for four and a half years. And he planned to stay on the job until retirement. The Mayor fired Melton the next day.

The parties have filed cross motions for summary judgment. Melton argues that the material facts and the governing law show that Mayor Williams and Forrest City violated his First and Fourteenth Amendment rights. Because his claims under the Arkansas Civil Rights Act track his federal claims, they need no separate analysis. *McCullough v. University of Arkansas for Medical Sciences*, 559 F.3d 855, 865 (8th Cir. 2009); ARK. CODE ANN. § 16-123-105(c). The Mayor and the City seek judgment for various legal reasons. Many of the core facts are undisputed. Where there is a dispute, the Court takes the record in the light most favorable to the non-movant. *Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

**2.** Some preliminary points.

First, the claims against the City and the duplicative official capacity claims against Mayor Williams fail as a matter of law. There's no evidence in the record of a Forrest City policy or a custom with the force of law about controversial speech by city employees. *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Second, Melton's Fourteenth Amendment vagueness and First Amendment overbreadth claims fail as a matter of law. He contends

-3-

that the City's speech policy "is unwritten, unknown, and ends in the Mayor's office and at the Mayor's broad discretion." *Doc. 21-2 at 25*. He claims this unwritten policy is impermissibly vague and overbroad, both facially and as applied to him.  But Melton hasn't met his burden of showing a real and substantial deterrent effect on protected expression.  *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973); *Virginia v. Hicks*, 539 U.S. 113, 122 (2003).  He hasn't offered evidence showing, for example, that the free speech rights of first responders have been chilled.  *Harper v. Crockett*, 868 F. Supp. 1557, 1577-78 (E.D. Ark. 1994).

Third, Melton's Fourteenth Amendment liberty interest claim fails as a matter of law.  He hasn't provided any evidence that he was publicly accused of "dishonesty, immorality, criminality, racism, or the like" when Mayor Williams fired him.  *Shands v. City of Kennett*, 993 F.2d 1337, 1347 (8th Cir. 1993).  Mayor Williams issued a press release. It said:

> Forrest City Mayor Cedric Williams was made aware of questionable social media posts made on a Forrest City Fire Fighter's page, Thursday (June 25, 2020) evening.  The decision was made to terminate the employee, and as of Friday June 26, 2020, he was no longer employed by the City of Forrest City.  The employee had been a full-time Forrest City fire fighter since January 2, 2016.

*Doc. 24-2*.  Even if the Mayor's references to questionable posts implied that Melton's post was racist, no solid due process claim exists here. Stigmatization by innuendo doesn't implicate a constitutionally

-4-

protected liberty interest. *Mascho v. Gee*, 24 F.3d 1037, 1039 (8th Cir. 1994).

Fourth, Melton's Fourteenth Amendment equal protection claim fails as a matter of law. He hasn't provided any facts indicating that, with the intention of discriminating against Melton because of his faith-based opposition to abortion, Mayor Williams treated him differently than similarly situated first responders. *Satanic Temple v. City of Belle Plaine*, 2023 WL 5600301, at *3 (8th Cir. 30 August 2023).

Last, Melton has abandoned his Religion-Clauses claim. He labeled it as an Establishment Clause claim, but pleaded facts about his free exercise of his religion. In the briefing, Melton makes plain that this is a speech case. "While Mr. Melton's religious beliefs are the foundation for his views on abortion, he is not claiming a violation of his exercise of religion but an unconstitutional breach of his freedom of speech." *Doc. 31 at 3*.

**3.** Melton's individual-capacity First Amendment retaliation and viewpoint-discrimination claims against Mayor Williams are co-extensive. Because Melton was a public employee, the Court need only consider his retaliation claim. "[C]onstitutional review of government employment decisions must rest on different principles than review of speech restraints imposed by the government as sovereign." *Waters v. Churchill*, 511 U.S. 661, 674 (1994).

To establish retaliation, Melton must prove several things: (1) he engaged in a protected activity; (2) the government official took adverse action; and (3) the adverse action was motivated at least in part by his exercise of the protected activity. *In re Kemp*, 894 F.3d 900, 906 (8th Cir. 2018). The second and third elements are agreed. Whether Melton engaged in a protected activity is a question of law. So the Court can decide this claim on the cross motions for judgment. *Kincade v. City of Blue Springs*, 64 F.3d 389, 395 (8th Cir. 1995).

Of course the First Amendment protects Melton's right to speak and express his opinions. But, as a Forrest City firefighter, he "accept[ed] certain limitations on [his] freedom" when he became a public employee. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006); *see also Waters*, 511 U.S. at 671-72. The Court must consider the essential circumstances to decide whether the Constitution protected Melton's speech in sharing this Facebook post. *Henry v. Johnson*, 950 F.3d 1005, 1011 (8th Cir. 2020).

Did Melton speak as a citizen on a matter of public concern? *Garcetti*, 547 U.S. at 418. Yes. Melton's speech was about abortion—"a matter of political, social or other concern to the community." *Henry*, 950 F.3d at 1012 (quotation omitted). Melton was off duty when he posted to his personal Facebook page, which was open to the public. He says his post expressed his faith-based opposition to abortion. On deposition, he also acknowledged that he knew the "I CAN'T

-6-

BREATHE!" caption was connected with George Floyd's death. The Court notices that Floyd was murdered three weeks before Melton's Facebook post. Fed. R. Evid. 201(b). The "content, form, and context of" Melton's post demonstrates unequivocally he spoke as a citizen on a matter of public concern. *Connick v. Myers*, 461 U.S. 138, 147-48 (1983).

Did Mayor Williams produce evidence showing that Melton's speech had an adverse impact on Forrest City's operations? *Anzaldua v. Northeast Ambulance and Fire Protection District*, 793 F.3d 822, 833 (8th Cir. 2015). Yes. Mayor Williams described the aftermath of Melton's post as "a huge firestorm here in the office." *Doc. 24-10 at 8*. Fire Chief Dallas's "phone was blowing up." *Ibid*. The Mayor was fielding media inquiries. Twenty to twenty-five Forrest City residents contacted Mayor Williams, asking that Melton not be sent to their homes in the event of a medical emergency or fire. Melton acknowledged that "people jumped on it," explaining that "everybody was saying all kinds of hateful things" on Forrest City's Facebook page. *Doc. 24-3 at 11*. Mayor Williams believed Melton's post would undermine the fire department's cohesion and the public's trust in those first responders.

There were no actual disruptions to fire department training or service calls because of Melton's post. This fact is agreed. But the law doesn't require actual disruption. *Anzaldua*, 793 F.3d at 833-34. A fire

-7-

department "has a more significant interest than the typical government employer in regulating the speech activities of its employees in order to promote efficiency, foster loyalty and obedience to superior officers, maintain morale, and instill public confidence in its ability." *Shands*, 993 F.2d at 1344 (quotation omitted). Mayor Williams's conclusion that Melton's speech "had caused or would cause dissension and disruption is entitled to considerable judicial deference." *Shands*, 993 F.2d. at 1345; *see also Anzaldua*, 793 F.3d at 834. Given all the fuss that did occur, the Court defers to Mayor Williams's conclusion that Melton's speech would cause disruption in the fire department.

Does Melton's interest "in commenting upon matters of public concern" outweigh the City's interest, as his employer, "in promoting the efficiency of the public services it performs through [Melton]"? *Hemminghaus v. Missouri*, 756 F.3d 1100, 1111 (8th Cir. 2014) (quotation omitted). No. Here, the Court must do the *Pickering* balance, weighing many circumstances: "(1) the need for harmony in the work place; (2) whether the government's responsibilities require a close working relationship; (3) the time, manner, and place of the speech; (4) the context in which the dispute arose; (5) the degree of public interest in the speech; and (6) whether the speech impeded the employee's ability to perform his or her duties." *Anzaldua*, 793 F.3d at 835; *see also Pickering v. Board of Education*, 391 U.S. 563, 568 (1968).

The City had a significant interest in maintaining harmony among its first responders. "[W]hen lives may be at stake in a fire, an *esprit de corps* is essential to the success of the joint endeavor." *Shands*, 993 F.2d at 1344-45 (quotation omitted). No co-worker other than Melton's former captain complained to Melton about the post. And there was no evidence of resulting friction among current fire fighters, though a former fire department captain complained to Melton. He made the post at home on his own time. His Facebook page, however, was open for viewing by any other Facebook user. The public was interested in Melton's speech. Abortion is a divisive issue. The circumstances of George Floyd's death deeply troubled our Nation. And tension between the races is not uncommon in Forrest City. *E.g., Smith v. City of Forrest City*, 2021 WL 4953276 (E.D. Ark. 25 October 2021), *aff'd*, 2022 WL 3012272 (8th Cir. 29 July 2022). Melton's post generated significant heat in this small town. The calls from residents, saying that they didn't want Melton responding to an emergency at their homes, show that the public's trust in Melton as a Forrest City firefighter was eroding.

The issue is close, but, according the substantial deference the law gives to Mayor Williams in these circumstances, the *Pickering* balance weighs in the Mayor's favor. Melton's speech wasn't protected, so his First Amendment retaliation claim fails. Mayor Williams didn't violate Melton's clearly established constitutional rights. The Mayor is

therefore entitled to qualified immunity. *Kuessner v. Wooten*, 987 F.3d 752, 755 (8th Cir. 2021).

\* \* \*

Melton's motion for summary judgment, *Doc. 21*, is denied. The City and Mayor Williams's motion for summary judgment, *Doc. 22*, is granted. And their motion *in limine*, *Doc. 33*, is denied as moot.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

29 September 2023